## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Teresa Hicklin Means, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 4:21-cv-00196-MBS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Kilolo Kijakazi, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 20, 2021, Plaintiff Teresa Hicklin Means filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of Defendant Commissioner of Social Security's (the "Commissioner") final decision denying her claim for Disability Insurance Benefits ("DIB").

Plaintiff filed her DIB application on October 14, 2018, alleging disability beginning June 12, 2015, which date she later amended to September 2, 2018. Plaintiff's claims were denied initially and again upon reconsideration. An Administrative Law Judge ("ALJ") presided over a hearing held on March 4, 2020 and issued an unfavorable decision on April 8, 2020. The ALJ determined that Plaintiff has the following severe impairments: "obesity, right-sided sciatica, and depression." ECF No. 9-2 at 13. The ALJ found that while these impairments "could reasonably be expected to produce the . . . symptoms . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 18. The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Plaintiff filed a request

for review of the ALJ's decision, which the Appeals Council denied. Plaintiff thereafter appealed the decision to this court.

On July 29, 2021, Plaintiff filed her brief contending that the ALJ improperly evaluated her condition of fibromyalgia and improperly assessed her Residual Functional Capacity ("RFC"). ECF No. 10. The Commissioner filed her response to Plaintiff's brief on September 7, 2021, ECF No. 11, and Plaintiff filed a reply on October 6, 2021, ECF No. 15.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for a Report and Recommendation ("Report"). On April 20, 2022, the Magistrate Judge filed his Report recommending that the court reverse the Commissioner's decision to deny benefits and remand for further consideration. ECF No. 18. The Magistrate Judge determined that the ALJ improperly focused on objective exams in assessing Plaintiff's condition of fibromyalgia as non-severe. *Id.* at 10. The Magistrate Judge noted that while the ALJ found as persuasive the opinions of two non-examining state agency consultants, who determined fibromyalgia was a severe impairment, the ALJ "modified the RFC opined by the consultants only to include a sit/stand option with full/constant abilities on posturals like climbing, stooping, crawling, and kneeling, rather than the occasional posturals opined by the consultants," and that the ALJ modified the RFC with "no discussion or resolution about the consultants' conflicting finding of severity as to [fibromyalgia]." *Id.* The Magistrate Judge concluded:

> While the record here can be viewed as scant as to [fibromyalgia], Plaintiff does have a [fibromyalgia] diagnosis, significant reports of pain, and is treated for [fibromyalgia]. The majority of evidence cited by the ALJ as to the [fibromyalgia] nonsevere finding is strictly objective

2

> evidence. Given the analysis and the citation of evidence by the ALJ as to determining severity of [fibromyalgia] and the failure to resolve the conflicting finding in the consultant opinions as to the severity of [fibromyalgia]— while finding them persuasive, supported, and consistent with the evidence, the ALJ's analysis is not supported by substantial evidence in light of SSR 12-2p and *Arakas v. Commissioner*, 983 F.3d 83, 108 (4th Cir. 2020)).

*Id.*

On this basis, the Magistrate Judge recommends remanding the matter, with instruction that "[u]pon remand, the ALJ should take into consideration Plaintiff's other allegations of error, including but not limited to Plaintiff's arguments regarding the RFC and support findings on such with citation to substantial evidence and provide logical explanation from the evidence to the ultimate conclusions." ECF No. 18 at 10-11 (citing *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). On May 4, 2022, the Commissioner filed a notice indicating she does not intend to object to the Report's findings and recommendation. ECF No. 19.

This matter is now before the court for review of the Magistrate Judge's Report. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or

3

modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding the Commissioner's notice of no objection, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The court adopts the Report, ECF No. 18, and incorporates it herein by reference. The Commissioner's final decision of no disability is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further consideration.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

May 26, 2022
Charleston, South Carolina